UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>LYNETTE MOORE, )<br>)<br>Defendant. ) | Cause No. 1:08-cr-0011-01 (B/F) |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

This matter is before the undersigned U. S. Magistrate Judge pursuant to the Order entered by the Honorable Sarah Evans Barker, Judge, on July 28, 2009, designating this Magistrate Judge to conduct a hearing on the Petition for Summons or Warrant for Offender Under Supervision filed with the Court on July 22, 2009, and to submit to Judge Barker proposed Findings of Facts and Recommendations for disposition under Title 18 U.S.C. §§3401(i) and 3583(e).

All proceedings were held on September 8, 2009, in accordance with Rule 32.1 of the *Federal Rules of Criminal Procedure*. Ms. Moore appeared in person and her appointed counsel, James McKinley, Office of the Indiana Federal Community Defender. The government appeared by Barry Glickman, Assistant United States Attorney. U. S. Parole and Probation appeared by Jason Phillips, U. S. Parole and Probation Officer, who participated in the proceedings.

The Court conducted the following procedures in accordance with Rule 32.1(a)(1) *Federal Rules of Criminal Procedure* and Title 18 U.S.C. §3583:

1. That James McKinley, Office of the Indiana Federal Community Defender, was present and appointed by the Court to represent Ms. Moore in regard to the pending Petition for Revocation of Supervised Release.

2. A copy of the Petition for Revocation of Supervised Release was provided to Ms. Moore and her counsel who informed the Court they had read and understood the specifications of violations charged herein and waived further reading thereof.

3. That Ms. Moore was advised of his right to a preliminary hearing and its purpose in regard to the alleged specified violations of his supervised release contained in the pending Petition.

4. That Ms. Moore would have a right to question witnesses against her at the preliminary hearing unless the Court, for good cause shown, found that justice did not require the appearance of a witness or witnesses.

5. That Ms. Moore had the opportunity to appear at the preliminary hearing and present evidence on her own behalf.

6. That if the preliminary hearing resulted in a finding of probable cause that Ms. Moore had violated an alleged condition or conditions of her supervised release set forth in the Petition, she would be held for a revocation hearing before the undersigned Magistrate Judge, in accordance with Judge Barker's designation entered on July 28, 2009.

7. Mr. McKinley stated that Lynette Moore desired to waive the preliminary examination and proceed to the revocation phase of the proceedings. Ms. Moore then waived the preliminary hearing in writing and was held to answer.

8 Mr. McKinley stated that Ms. Moore would stipulate there is a basis in fact to hold her on the specifications of violations of supervised release set forth in the Petition.

9. Ms. Moore, by counsel, stipulated that she committed specifications of violations set forth in the Petition for Warrant or Summons for an Offender Under Supervision, filed with the Court on July 22, 2009 as follows:

| Violation Number | Nature of Noncompliance |
|---|---|
| **1** | **"The defendant shall refrain from any unlawful use of a controlled substance."** |
| **2** | **"The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician."** |
| **3** | **"The defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered."** |

        On January 29, and February 6, 2008, the defendant submitted urine samples, which later tested positive for cocaine. The defendant readily admitted using cocaine on one occasion. The test results indicate she used the substance twice.

        On March 11, 2008, the defendant submitted a urine specimen which tested positive for cocaine. She denied knowingly using the substance and explained someone may have given her a cigarette laced with cocaine.

        On August 22, 2008, the defendant submitted a urine sample, which later tested positive for cocaine. The defendant adamantly denied knowingly using the substance. She presented a letter from Charlotte Barnes, a friend, who admitted giving the defendant a Mucinex pill from the bottom of her purse, which had cocaine residue on it. Ms. Barnes claimed the defendant was unaware she used the substance.

        On July 2, 2009, the defendant submitted a urine sample which tested positive for cocaine. Kroll Laboratories confirmed the test result.

The Court placed Ms. Moore under oath and directly inquired of her whether she admitted violations of the specifications of her supervised release set forth above. Ms. Moore stated that she

admitted the above violations as set forth.  The Court now finds there is a basis in fact for her admissions and accepts same.

      Counsel for the parties further stipulated to the following:

      1)     Ms. Moore has a relevant criminal history category of I, U.S.S.G. §7B1.4(a).

      2)     The most serious grade of violation committed by Ms. Moore constitutes a Grade B violation, pursuant to U.S.S.G. §7B1.1(b).

      3)     Pursuant to U.S.S.G. §7B1.4(a) upon revocation of supervised release, the range of imprisonment applicable to Ms. Moore is 4-10 months.

      4)     The parties did not agree on the appropriate disposition of the case.

    10.  The defendant and her counsel made allocution. The government made allocution. The U.S. Parole and Probation Officer responded to the Magistrate Judge's questions regarding the defendant's conduct.

      The Court, having heard the admissions of the defendant, the stipulations and evidence submitted by the parties, and the arguments and discussions on behalf of each party, **NOW FINDS** that the defendant violated the above-delineated conditions of her supervised release.  The defendant's supervised release is therefore **REVOKED** and Lynette Moore is sentenced to the custody of the Attorney General or his designee for a period of 6 months.  After service of her sentence, the defendant shall not be subject to supervised release.

      The Magistrate Judge requests that Jason Phillips, U. S. Parole and Probation Officer, prepare for submission to the Honorable Sarah Evans Barker, Judge, as soon as practicable, a supervised release revocation judgment, in accordance with these findings of facts, conclusions of law and recommendation.

      Counsel for the parties and Ms. Moore stipulated in open Court waiver of the following:

      1. Notice of the filing of the Magistrate Judge's Report and Recommendation;

    2. Objection to the Report and Recommendation of the undersigned Magistrate Judge pursuant to Title 28 U.S.C. §636(b)(1)(B); Rule 72.b, *Federal Rules of Civil Procedure*, and S.D.Ind.L.R.72.1(d)(2), *Local Rules of the U. S. District Court for the Southern District of Indiana.*

    Counsel for the parties and Mr. Dale entered into the above stipulations and waivers after being notified by the undersigned Magistrate Judge that the District Court may refuse to accept the stipulations and waivers and conduct a revocation hearing pursuant to 18 U.S.C. §3561 *et seq.* And Rule 32.1 of the *Federal Rules of Criminal Procedure* and may reconsider the Magistrate Judge's Report and Recommendation, including making a *de novo* determination of any portion of the Report or specified proposed findings or recommendation upon which he may reconsider.

    **WHEREFORE,** the U. S. Magistrate Judge **RECOMMENDS** the Court adopt the above report and recommendation revoking Ms. Moore's supervised release and the sentence imposed of imprisonment of 6 months, in the custody of the Attorney General or his designee. There shall be no term of supervised release at the conclusion of Ms. Moore's term of incarceration.

    **IT IS SO RECOMMENDED** this 8th day of September, 2009.

_____
Kennard P. Foster, Magistrate Judge
United States District Court
Southern District of Indiana

Distribution:

Barry Glickman,
Assistant United States Attorney
10 West Market Street, #2100
Indianapolis, IN 46204

James McKinley,
Office of Indiana Federal Community Defender
111 Monument Circle, #752
Indianapolis, IN 46204

U. S. Parole and Probation

U. S. Marshal Service